UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Archie Dean Forbes, II,                                    Case No. 3:25-cv-857

        Plaintiff,

    v.                                                             MEMORANDUM OPINION
                                                AND ORDER

Federal Bureau of Investigation,

        Defendant.

## I.      INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Archie Dean Forbes, II filed a one-page complaint against the Federal Bureau of Investigation ("FBI") in the Lucas County, Ohio Court of Common Pleas.  (Doc. No. 1-1).  The government removed the case to this court under 28 U.S.C. § 1442(a)(1).  (Doc. No. 1).  The complaint in its entirety states: "I was charge[d] illegal case from St. Vincent Mercy Hospital.  What I'm billing for 900 zillion dollars."  (Doc. No. 1-1 at 3).  The government moved to dismiss, arguing the pleading does not establish a waiver of sovereign immunity and fails to identify a claim upon which relief may be granted.  (Doc. No. 3; Doc. No. 3-1).  For the reasons set forth below, I grant the motion and dismiss this case.

## II.      STANDARD

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "Federal courts are courts of limited jurisdiction[, and, u]nlike state trial courts, they do not have general jurisdiction to review" all questions of law.  *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have

"only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

A court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a Complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In such cases, dismissal is appropriate because it is impossible to discern any articulable question that "can be the subject of controversy" within the meaning of Article III. *Velarde v. Biden*, No. 23-1465, 2023 WL 8317823, at *1 (6th Cir. Nov. 14, 2023); *Lindke v. Tomlinson*, 31 F.4th 487, 491 (6th Cir. 2022) ("Where there is no real, substantial controversy between parties having adverse legal interests, there is no case or controversy in the constitutional sense.").

### III. ANALYSIS

The complaint fails to establish a recognizable question that could possibly be the subject of a case in controversy invoking Article III subject matter jurisdiction. *See Apple*, 183 F.3d at 479. Plaintiff asserts he was charged with an "illegal case" but offers no other information – the where, when, how, and by whom are entirely lacking. (*See* Doc. No. 1-1). Plaintiff does not allege how the Defendant was involved, or what he believes was "illegal" about the charges. In short, there is no identifiable controversy between the parties.

Furthermore, because Plaintiff brought this action against a federal governmental agency, he must demonstrate that the United States has waived sovereign immunity in the type of suit he seeks to bring. "The United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject matter jurisdiction." *McGinness v. United States*,

90 F.3d 143, 145 (6th Cir. 1996).  A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied.  *United States v. King*, 395 U.S. 1, 4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957).

Plaintiff therefore must point to some federal statute waiving sovereign immunity for the type of suit which he seeks to bring.  Plaintiff has not identified a cause of action in this case and further has not identified a federal statute under which the United States has consented to suit.  This also requires dismissal of this action under Federal Rule of Civil Procedure 12(b)(1).

## IV.    CONCLUSION

For the reasons stated above, I dismiss this case for lack of subject matter jurisdiction.  The government's motion to dismiss is denied as moot.  (Doc. No. 3).  I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  This case is closed.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge